UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00389-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. XCEL ENERGY, INC.;
2. PUBLIC SERVICE COMPANY OF COLORADO;
3. RPI COATING, INC.;
4. PHILIPPE GOUTAGNY; and
5. JAMES THOMPSON,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants Xcel Energy Inc.'s and Public Service Company of Colorado's ("Defendants") Motion to Reconsider Order Dated August 9, 2010 (ECF No. 206). The motion seeks reconsideration of my ruling of August 9, 2010, which denied Defendants' motion to exclude the Government's expert witness, Michael Roop, from testifying at trial. Specifically, the motion was denied as to the Defendants' *Daubert* challenges. On August 26, 2010, the Government submitted a response to the motion, and on August 27, 2010, Defendants filed their reply. For the reasons stated below, Defendants' Motion to Reconsider is denied.

I first address the standard of review of Defendants' motion. Such a motion is not recognized by either the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure. Other District Courts from this Circuit have relied on the standards

for evaluating a motion to reconsider in the civil context. *See, e.g., United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999). In civil cases, courts have "permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). "The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion." *D'Armond*, 80 F. Supp. 2d at 1171 (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988)).

In the motion to reconsider, Defendants present new facts and arguments for the first time that could have been previously raised in either the initial briefing or at the July 27, 2010 *Daubert* hearing. This is inappropriate. *See Servants of the Paraclete*, 204 F.3d at 1012; *D'Armond*, 80 F. Supp. 2d at 1170. As the court in *D'Armond* stated, "'[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.'" *Id.*, 80 F. Supp. 2d at 1170 (quotation omitted). "A court's rulings 'are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Id.* at 1171 (quotation omitted).

Nonetheless, even considering the Defendants' new evidence, I find that the motion should be denied. The Defendants first argue that my Order is flawed because it relies upon "misapprehended" facts. More specifically, Defendants seek reconsideration of my decision because "the Court's first and most important factual reason for allowing Roop to testify — that the defendants are to blame for Roop's

inability to personally inspect the penstock, and for his resulting inability to identify a rescue technique or formulate a rescue plan — is based on a factual misunderstanding . . . ."  (Mot. at 6.)

The problem with the Defendants' argument is that the evidence regarding Roop's inability to personally inspect the penstock and the explanation as to who is to blame was tendered to the Court for the first time in connection with the request for reconsideration.  All of these documents could have been previously tendered to the Court in connection with the initial briefing or at July 27, 2010 hearing.  Indeed, the Defendants even had an opportunity after the hearing and before my Order was issued to provide this information as they filed a brief of legal authority with the Court during that time frame.  For whatever reason Defendants chose not to supplement the record with this information.  Thus, if I issued my Order on what the Defendants view as an incomplete or misunderstood factual record, then it is nobody's fault but the Defendants.  This alone is a ground to deny this argument.

Moreover, my review of these new documents provided by the Defendants does not support revision or reconsideration of my Order.  For example, the Defendants provide documents showing that they conferred with both the CSB and OSHA about resuming normal operations at the Cabin Creek hydro plant.  CSB and OSHA both voiced no objection to the Cabin Creek plant resuming normal operations.  While this may explain why Roop was never allowed to personally inspect the penstock, it does not change the fact that he is not required to personally inspect the penstock under *Daubert*.  The fact that the Defendants have explained that they are not to blame for

Roop not being permitted access to the penstock does not change the fact that Roop's personal knowledge of the penstock is not required.[1] Finally, even if I were to consider this new information, Roop's opinions would still be admissible. As stated in my Order, I find that Roop's opinions have a reliable basis on his knowledge and experience in safety and rescue and are relevant to the issues at hand.

Next, the Defendants argue in their motion that the Court erroneously "held that the Supreme Court's *Daubert* decision means Roop does not need personal knowledge to give a reliable opinion." (Mot. at 7.) More specifically, they take issue with the Court's alleged acceptance of "less intellectual rigor from Roop for his in-court opinions than Roop himself testified was required for his out-of-court practice." (Mot. at 7.)

I reject Defendants' argument. First, I did not misconstrue *Daubert* in my Order. As the Order makes clear, the Supreme Court has recognized that firsthand observations to form opinions are not a requisite to forming an expert opinion. "Unlike an ordinary witness . . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592.[2] This relaxation of the usual requirement of firsthand knowledge is "premised on the assumption that the expert's opinion will have a reliable basis in the knowledge and

---

[1] This information, however, may be helpful to a jury in determining credibility.

[2] While not included in my August 9, 2010 Order, I note that the Tenth Circuit has further confirmed that personal knowledge or observations are not a requisite to the admissibility of an expert opinion and should instead go to the weight of the testimony. *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1244 (10th Cir. 2000) (affirming district court's decision to admit testimony of expert witnesses who neither possessed firsthand knowledge nor observation).

experience of his discipline." *Id.* My Order went on to explain why I found Roop's opinions reliable based on his training and experience. Second, I found and continue to find Roop's opinions relevant. In short, Defendants' repeated attempts to again highlight a few of Roop's isolated statements on cross examination have not convinced me that my Order on this issue was erroneous or in violation of the law.[3] Defendants have not provided any persuasive reason for me to reconsider any portion of my August 9, 2010 Order.

Based upon the foregoing, it is

ORDERED that Defendants Xcel Energy Inc.'s and Public Service Company of Colorado's ("Defendants") Motion to Reconsider Order Dated August 9, 2010 (ECF No. 206) is **DENIED.**

Dated: September 23, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

---

[3] As I stated in my Order, Defendants' challenges to Roop's testimony are more appropriately raised at trial through traditional tools such as cross examination and the presentation of contrary evidence.