UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  09-cr-00389-WYD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. XCEL ENERGY, INC.;
2. PUBLIC SERVICE COMPANY OF COLORADO;
3. RPI COATING, INC.;
4. PHILIPPE GOUTAGNY; and
5. JAMES THOMPSON,

   Defendant.

## ORDER DISCLOSING DISCOVERY AND
## PROTECTIVE ORDER

THIS MATTER came before the Court as part of a motions hearing on January 24, 2011, which included Defendants RPI Coating, Inc.'s ("RPI") and Philippe Goutagney's request for the disclosure of discovery involving confidential settlement documents between Defendants Xcel Energy, Inc. and Public Service Company of Colorado ("Xcel Defendants") and various victims of the Cabin Creek accident, which is the subject of this criminal matter.

After considering RPI's and Goutagny's request and hearing argument at the January 24, 2011 hearing, I ordered counsel for the Government to produce the confidential settlement documents at issue to me for an *in-camera* inspection.  I also ordered the parties to meet and confer and submit a proposed protective order should I determine that the materials should be disclosed.

Pursuant to my Order, on February 15, 2011, the Government provided the confidential settlement documents to me along with a proposed protective order stipulated to by the Government and RPI.[1]  In reviewing the submitted materials, I note that the Government agreed that the confidential settlement documents must be disclosed to the Defendants under *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

In *Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution."  *Id.*  "[E]vidence is material [and constitutional error results from its suppression] only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *United States v. Agurs*, 427 U.S. 97, 104 (1976); *see also Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555, 1565 (1995).  "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."  *Bagley*, 473 U.S. at 682; *Agurs*, 427 U.S. at 104.

After conducting an *in-camera* inspection of the confidential settlement documents, I find that they fall within the ambit of *Brady* and, thus, shall be immediately disclosed to the Defendants subject to the terms of the following Protective Order:

1. The terms and conditions contained in the settlement documents that are the subject of this Protective Order are confidential at this point.  However, the

---

[1] Objecting to the Government's, RPI's and Goutagny's proposed protective order, the Xcel Defendants submitted their own proposed protective order to the Court.

Government has conceded that such information must be disclosed under *Brady v. Maryland*, 373 U.S. 87 (1963) and that the defense has a constitutional right to see such evidence but also to use such evidence in their defense of this case.  When such evidence is disclosed to the defense under the Government's obligations to disclose exculpatory evidence, the defense would have the right to disclose such evidence to their clients.  This agreement merely accelerates the time of the disclosure of exculpatory or impeachment evidence and puts in place certain restrictions on the immediate use and disclosure of such evidence.  This agreement imposes restrictions on the Defendants' rights to use such evidence in negotiations, trial or appeal.

2.      This Protective Order shall apply to all information, documents, and tangible things related to settlement by the Xcel Defendants with various plaintiffs in the parallel civil proceeding involving the same accident that is the subject of this criminal case (the "Settlement Documents").

3.      As set forth in this Order, I have ordered the Government to accelerate its duty to produce a copy of the Settlement Documents to counsel for RPI.  However, RPI and its counsel must sign and agree to abide by this Protective Order before the Government's accelerated production of the Settlement Documents to counsel for RPI.

4.      The Settlement Documents shall be designated "Highly Confidential - Attorneys' Eyes Only."  The copy of the Settlement Documents to be produced to counsel for RPI shall be marked by placing the designation "Highly Confidential - Attorneys' Eyes Only" on every page.

5.      Access to the Settlement Documents received by counsel for RPI shall be

restricted to Larry Pozner and Dru Nielsen ("Counsel for RPI and Philippe Goutagny") and members of their staff who sign this order, and agree to be bound by its terms, before accessing the Settlement Documents.

6.  The terms and conditions contained in the Settlement Documents are confidential. Counsel for RPI and Goutagny warrant, represent, and agree to not, at this time, reveal or engage in any action which they know, or have reason to believe, will result in the direct or indirect revelation of any information concerning the Settlement Documents to anyone including, but not limited to, past, present, and future employees and officers and directors of RPI and RPI's counsel in the parallel civil proceedings; provided, however, that Mr. Pozner and Ms. Nielsen may discuss the terms and amount of settlement among themselves and with Assistant United States Attorney Jaime Pena for the purposes of facilitating a plea agreement in this criminal case. Any violation of this provision will constitute a material breach of this Protective Order, and is subject to sanctions by this Court, and other entities which conduct attorney oversight.

7.  In addition, the Defendants may use such information in pleadings or as attachments to pleadings, or arguments designed to inform the court about proposed plea dispositions and may use such material in submissions to the probation department in aid of their preparation to any presentence reports. None of these restrictions shall apply in any trial or appeal and these materials may be used by the defense to the extent that the rules of evidence permit.

8.  To the extent that any filing with the Court would reveal or tend to reveal any information contained in the Settlement Documents, any such filings shall be filed

separately under seal, with a copy of this Protective Order attached thereto, in compliance with D.C.Colo.LCrR. 47.1.  Copies of such filings should be served only on counsel for RPI, counsel for the Xcel Defendants, and Assistant United States Attorney Jaime Pena.

9. A breach of this Protective Order will subject an offender to such actions and sanctions as the Court deems appropriate.

10. This Protective Order shall continue to be binding through and after the conclusion of the trial, including any appeal thereof.  Upon final determination of this matter as to RPI, whether by judgment, plea agreement, or otherwise, the Settlement Documents (and any copies thereof) shall be returned to the Government.

11. The terms of this Protective Order may be modified only by further order of the Court.

IT IS SO ORDERED.

Dated:  February 24, 2011

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          Chief United States District Judge